### ROBERT SIMPSON *v.* W. H. SIMPSON.

The plaintiff in a *Sci. Fia.* under sec. 29, ch. 45 of the Rev. Code, must show himself to be the party aggrieved by the default in question: *Therefore*, where the defendant therein pleaded, *nul tiel record*, and the presiding Judge having found that the writing upon record was as follows; "that the defendants [to the original suit] are the tenants of the plaintiff [therein], and are guilty of the trespass declared upon in the declaration of ejectment, and assess the plaintiff's damage to a penny, and that the Clerk's office have judgment and execution for the plaintiff's costs;" thereupon, also found *the issue* in favor of the plaintiff in the *sci. fa.*: *Held*, to be error, as the record showed no judgment in favor of such plaintiff.

The issue *nul tiel record*, includes two questions; *one*, of fact, from the decision of which in the Court below there is no appeal, *the other*, of law, deducible from such fact, from the decision of which below there is an appeal.

(A form of *sci. fa.* in Eaton's Forms, p. 386 recommended).

(*Trice* v. *Turrentine* 13 Ire. 212 cited and approved.)

SCIRE FACIAS, tried before *Buxton, J.*, at Spring Term 1869 of the Superior Court of UNION.

The facts necessary to an understanding of the Opinion are to be found therein.

Judgment having been rendered for the plaintiff, the defendant appealed.

*Wilson*, for the appellant.

*Ashe, contra.*

RODMAN, J. The Statute under which the plaintiff seeks to recover (Rev. Code ch. 45, sec. 29) gives the penalty to *the party aggrieved.* The *scire facias* before us recites "that it was made to appear that William H. Simpson, (the defendant in this case) Clerk of the said Court, failed to issue a writ of possession in the case of *Doe on demise* of Robert Simpson against Sarah Simpson and others, upon a judgment rendered at, &c.", for which failure he was amerced, &c. Evidently the

SIMPSON *v.* SIMPSON.

*sci. fa.* is defective, in that it does not state who recovered the judgment in the case recited, and thereby fails to show that the plaintiff was the party aggrevied. A good form in such cases is found in Eaton's Forms, 386. The defendant however did not demur, and we assume therefore that the *sci. fa.* recited a judgment that the plaintiff in ejectment recover his term and damages; and was sufficient. As the judgment was not the foundation of the action, but merely inducement, the defendant might have pleaded *nil debet*, which would have put in issue the plaintiff's whole case. 1 Chit. Pl. 517, 521. But he was at liberty also by a special plea to put in issue solely the existence and legal effect of the alleged judgment in the ejectment suit; this he did by his plea of *"nul tiel record."* He further pleaded that he had duly issued the execution, but as the jury found against him on this plea, his failure to do so must be conclusively assumed, and no question arises on that issue. The Judge found for the plaintiff on the issue made by the plea of *nul tiel record.* This finding involves a decision on two distinct issues:

1st That a certain alleged writing existed as of record:

2d. That the legal effect of that record was to impose on the defendant the duty of issuing an execution on the judgment so found to exist. From the first finding, being a question of fact, the defendant could not appeal; from the second he could. All these principles are settled in *Trice* v. *Turrentine*, 13 Ire. 212. In the case stated by the Judge he sets forth so much of the writing submitted to his inspection as the record in the case of *Doe ex dem. Simpson* v. *Simpson*, as he deems material, and after referring to that case he says: "The verdict and judgment therein were in the words 'that the defendants were the tenants of the plaintiff, and are guilty of the trespass declared upon in the declaration of ejectment, and assess the plaintiff's damages to a penny: and that the Clerk's office have judgment and execution for the plaintiff's costs.' "

Obviously there is no judgment here in favor of the plaintiff; and therefore he could not be a party aggrieved by the laches of the defendant in failing to issue an execution upon

the judgment: the defendant had no right to issue such an execution. Without noticing here any of the numerous points presented in the arguments of counsel, we rest our opinion on this.

Let this opinion be certified.

PER CURIAM.                    Judgment reversed.