MARY M. CURETON v. JOHN GARRISON et al.

*Judgment—Writ of Execution—Findings of Judge.*

Plaintiff brought an action to recover land against G. alone, and subsequently other defendants were made parties, but no complaint or amendment was filed embracing the latter, and the issue, verdict, judgment and execution were against G. only. Thereafter plaintiff, upon affidavit that she had recovered judgment for land in possession of the other defendants, applied for a writ of execution against them. Counter affidavits being filed, the Court below found therefrom, and from an inspection of the record and process, that the writ of execution conformed to the judgment, and that the writ was issued and executed by direction of the plaintiff's agent: *Held*, that the findings of fact by the Judge are conclusive, and his refusal thereupon to issue another execution was not error.

This was a motion made before the Clerk of the Superior Court of POLK County to have another execution issued in the action, which was for the recovery of land. The motion was refused, and, on appeal to *Graves, J.*, the ruling of the Clerk was approved, and plaintiff appealed.

The other facts appear in the opinion of Associate Justice CLARK.

*Messrs. Jones & Tillett*, for plaintiff (appellant).
*Messrs. W. J. Montgomery* and *Justice & Justice*, for defendants.

CLARK, J.: The plaintiff brought an action against Garrison alone. Subsequently, the other two defendants were made parties, but no complaint or amendment was filed embracing them. The issue, verdict and judgment were against the defendant—in the singular. Writ of possession was sued out by plaintiff against Garrison alone and the plaintiff put into possession. More than a year afterward

the plaintiff filed an affidavit that she recovered judgment also for land of which the other two defendants were in possession. Affidavits were filed by the defendants, the surveyor and the jury, that only the title to the tract of which Garrison was in possession was in controversy. We put no stress on defendants' contention that the writ of possession was *functus officio* by having been returned executed, because it was only executed as to the land embraced in the execution, and the gist of the plaintiff's contention is, that the writ of possession should have been broader, so as to embrace the additional land. But his Honor found, " upon an inspection of the record, the complaint and answer, and the judgment and execution, and the return of the Sheriff thereto, that said execution conformed to the judgment, and from the affidavits the writ of execution was issued and executed by direction of an agent of the plaintiff's," and refused to issue another execution. His finding of fact from the affidavits, there being evidence on the point, is conclusive. *Burke* v. *Turner*, 85 N. C., 500. Only his inference of law upon such fact and on the record is reviewable. *Trice* v. *Turrentine.* 35 N. C., 213; *Simpson* v. *Simpson*, 63 N. C., 534.

Upon such finding of fact and an inspection of the record, we find no error. The title to the land now in dispute not having been put in issue in the former action, it is still open to the plaintiff to bring an action therefor, unless otherwise barred.                                    No Error.